**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**JEFFERY JOHNSON** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:21-CV-P411-GNS**

**OFFICER KARA YOUNG *et al.*** **DEFENDANTS**

**MEMORANDUM OPINON AND ORDER**

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action and deny Plaintiff's motion for a preliminary injunction/temporary restraining order.

**I.**

Plaintiff Jeffery Johnson is incarcerated at Kentucky State Reformatory (KSR). He initiated this action by filing a handwritten complaint on his own paper (DN 1) and two amended complaints on Court-supplied forms (DNs 8 & 23).

Plaintiff lists the following as Defendants in the complaint – Officer Kara Young, "LT Penniger," "Officer John Doe #1," John Dunn, Warden Valentine, Deputy Warden Campbell, Major St. Clair, and Captain Rottman. Plaintiff states that these Defendants are being sued "professionally and personally" which the Court construes to mean in both their official and individual capacities. Plaintiff alleges that there has been recent prisoner-on-prisoner violence at KSR including a murder and a stabbing. Plaintiff states that these alleged incidents show that Defendants are deliberately indifferent to the safety of inmates at KSR, including Plaintiff.

In the first amended complaint (DN 8), Plaintiff adds the following as Defendants – "UA Kim Thompson," CTO Milacheck, and "KY DOC/KSR."[1] He indicates that he is suing Defendants Thompson and Milacheck in both their official and individual capacities. Plaintiff alleges that Defendants Young and Penniger violated his rights by "lock[ing] him in Dorm 7 and leav[ing] him for extended periods of time" with "murders and sereal killers . . . with no supervision." Plaintiff states that this is "cruel and unusual punishment'' and the "intentional inflection of emotional distress" and is "gross neglance."

In the second amended complaint (DN 23), Plaintiff adds "LT Kierster" and "Captain John Doe #1" as Defendants and indicates that he is suing them in both their official and individual capacities. Plaintiff alleges that Defendant Kierster locked him in "Dorm 7 + left a little after 7 p.m." Plaintiff states that he fell in his cell around 3 a.m. that morning and that he was not found by Defendant Kierster until approximately 4:55 a.m." Plaintiff alleges that Defendant Kierster violated his rights because "by law and [] policy . .. he is supposed to have 2 officers in EACH Dorm at all times locking me in Dorm 7 and leaving all night is cruel and unusual punishment" and reckless endangerment.

As relief for these alleged violations of his rights, Plaintiff seeks damages and a "full pardon."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which

[1] "KY DOC" presumably stands for the Kentucky Department of Corrections.

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### A. 42 U.SC. § 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991)

#### 1. Defendant KDOC/KSR and the Official-Capacity Claims

KSR is part of the of the KDOC, which is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (l978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*,440 U.S. 332, 341 (l979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

Plaintiff's official-capacity claims against the KSR Defendants are also subject to dismissal. When state officials are sued in their official capacities for monetary damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim). State officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

Thus, the Court will dismiss Plaintiff's claims against the KDOC/KSR and his official-capacity claims against the remaining Defendants for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

**2. Individual-Capacity Claims**

The Court construes the pleadings as asserting individual-capacity claims against the KSR Defendants for deliberate indifference to Plaintiff's safety under the Eighth Amendment.

An Eighth Amendment claim has an objective and a subjective component. *Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011). The objective component requires a prisoner to "show that 'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Id*. at 766 (quoting *Farmer v. Brennan*, 511 U.S. 825, 833( 1994). The subjective component requires a prisoner to "show that prison officials acted with 'deliberate indifference' to [his] health or safety." *Id*. (quoting *Farmer*, 511 U.S. at 834). A prison official "is deliberately indifferent if he or she 'knows of and disregards an excessive risk to inmate health or safety; the official must both

be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.'" *Id*. at 766-67 (quoting *Farmer*, 511 U.S. at 837).

The Court first addresses Plaintiff's claim that the alleged murder of one inmate and stabbing of another inmate at KSR shows that KSR officials are deliberately indifferent to his safety and the safety of all KSR inmates. To state a claim of deliberate indifference to safety based on general prisoner-on-prisoner violence, a plaintiff must show that the prisoner-on-prisoner violence was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 815 (6th Cir. 1996) (quoting *Farmer*, 511 U.S. at 842). Because Plaintiff's allegation of two incidents of prisoner-on-prisoner violence does not meet this standard, Plaintiff has failed to state an Eighth Amendment claim based upon this allegation.

The Court next turns to Plaintiff's more specific claims which are premised upon his assertion that certain Defendants were deliberately indifferent to his safety because they allegedly left him and other inmates in a locked cell that was not supervised by a guard at all times. Plaintiff first alleges that Defendants Young and Penniger violated his rights by leaving him for extended periods of time in a locked cell with "murders and sereal killers" without a guard outside. The Court finds that this allegation fails to show that Defendant Young or Penniger or any other Defendant was deliberately indifferent to his safety because he does not allege that any cellmate ever threatened him with violence or that Defendant Young or Penniger had any reason to believe that a cellmate would harm Plaintiff. *See, e.g.*, *Storey v. Schofield*, No., No. 14-1098-JDT-egb, 2016 U.S. Dist. LEXIS 47499, at *44 (W.D. Tenn., Apr. 8, 2016) (no Eighth Amendment violation where the complaint did not allege that any defendant knew a certain inmate would harm the plaintiff but had been told that the inmate had violent tendencies); *Glombowski v. Beardslee*,

No. 1:14-cv-870, 2014 U.S. Dist. LEXIS 165038, at *6 (W.D. Mich. Nov. 26, 2014) (no deliberate indifference where the plaintiff did not allege that he told defendant that "his cell-mate had threatened him or that his cell-mate had a history of attacking others"); *cf. Jones v. Leiter*, No. 15-2529, 2016 U.S. App. LEXIS 24198, at *4 (6th Cir. Sept. 13, 2016) (holding plaintiff's allegations that he was assaulted in the kitchen and that the defendant officer "was aware that assaults in the kitchen were common and nonetheless left [plaintiff] and the other inmates unattended" was sufficient to allow a deliberate-indifference claim to proceed).

The Court next turns to Plaintiff's allegation that Defendant Kierster's failure to discover him for two hours after he had fallen, during which time he was "hurt and suffering," shows that Defendant Kierster was deliberately indifferent to Plaintiff's safety. The Court finds that this allegation also fails to state a claim upon which relief may be granted. First, Plaintiff fails to allege that Defendant Kierster had any specific reason to believe that any harm would befall Plaintiff during the time his cell was left unattended. Second, Plaintiff fails to allege that he suffered any serious injury as a result of falling and not being discovered by Defendant Kierster for approximately two hours. *See, e.g., Griffin v. Derosa*, No. 03-5597 (RBK), 2004 U.S. Dist. LEXIS 32057 (D.N.J. June 4, 2004). In *Griffin*, the plaintiff similarly alleged that he and other inmates were exposed to "harm and unsafe conditions" because they were left unattended for six hours during a power failure. *Id*. at *12-13. The plaintiff specifically claimed that during that period of time he slipped on urine and was walked on in the dark. *Id*. The court held that the plaintiff had failed to state a cognizable claim because "the power failure and ensuing conditions were of short duration, only six hours" and the plaintiff "did not sustain physical serious injury, only complaints of insomnia." *Id*. This Court likewise finds that Plaintiff's allegations fail to state a claim against Defendant Kierster for deliberate indifference to his safety.

In addition, to the extent that Plaintiff sues Defendant Warden Valentine, Defendant Kiester, and other KSR supervisors for not ensuring that there is a guard outside of his cell at all times, this claim also fails to state a claim a claim upon which relief may be granted. *See Ford v. Alexander*, No. 5:11CV575, 2013 U.S. Dist. LEXIS 40273, at *34-35 (N.D. Ohio Feb. 22, 2013) (holding that the alleged failure of a jail supervisor to "staff and supervise [a] pod" constitutes negligence and "cannot serve as a basis for constitutional relief because negligence does not rise to the level of deliberate indifference actionable under the Eighth Amendment") (citing *Sullivan v. Graham*, No. 09-CV-1311 (TJM/DRJ), 2011 U.S. Dist. LEXIS 106548, at *26-27 (N.D.N.Y. Aug. 5, 2011) (negligent failure to staff recreational yard at prison did not rise to the level of deliberate indifference under the Eighth Amendment)).

Finally, although Plaintiff claims that it is a violation of Kentucky prison policy not to have two officers on duty in one dormitory at all times, the failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *See, e.g.*, *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (stating that mandatory language in prison regulations does not create a liberty interest protected by the due process clause); *Barhite v. Brown*, No. 1:14-CV-218, 2014 U.S. Dist. LEXIS 86871, at *47 (W.D. Mich. June 26, 2014) ("a violation of prison policy does not give rise to a claim in itself"); *Wiley v. Kentucky Dep't of Corr.*, No. 11-97-HRW, 2012 U.S. Dist. LEXIS 166385, at *34-35 (E.D. Ky. Nov. 21, 2012) ("While the violation of a prison policy may constitute negligence in some cases, it does not amount to a constitutional violation."); *Miles v. Antonini*, No. 04-CV-74147, 2006 U.S. Dist. LEXIS 34426, at *4-5 (E.D. Mich. May 30, 2006) ("the failure to follow a prison policy does not amount to a constitutional violation").

For these reasons, the Court finds that Plaintiff has failed to state a constitutional claim upon which relief may be granted.

**B. State-Law Claims**

Because Plaintiff's federal claims are being dismissed, the Court declines to exercise its supplemental jurisdiction over any state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Plaintiff's state-law claims will be dismissed without prejudice.

**C. Motion for a Preliminary Injunction/Temporary Restraining Order**

Finally, the Court turns to Plaintiff's motion for a preliminary injunction/temporary restraining order which asks the Court to order that his cell be guarded in accordance with state policy (DN 20). Because the Court is dismissing this action, Plaintiff is not entitled to the relief requested in this motion. Thus, **IT IS HEREBY ORDERED** that the motion (DN 20) is **DENIED**.[2]

**IV.**

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion and Order.

Date: November 29, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4416.011

[2] Plaintiff has also filed numerous letters, notices, and other filings not styled as motions. The Court will not separately address those filings but has reviewed them and finds no reason set forth therein that dismissal of this action is not warranted.